CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLANT, v. NEBRASKA STATE RAILWAY COMMISSION, APPELLEE.

FILED MAY 15, 1914.     No. 17,733.

Carriers: TARIFFS: REGULATION. The order of the state railway commission set forth in the opinion *held,* under the facts in the case, not to be unreasonable and unjust.

APPEAL from the State Railway Commission. *Dismissed.*

*M. A. Low, Paul E. Walker, E. P. Holmes* and *G. L. DeLacy,* for appellant.

*Grant G. Martin, Attorney General, George W. Ayres* and *Frank E. Edgerton, contra.*

LETTON, J.

This is an appeal from an order of the state railway commission denying the request of the appellant that it

approve, ratify and confirm supplement 97 to Freight Tariff No. 21,432, which eliminates from the tariff providing for switching charges the names of certain corporations and individuals as engaged in industries located upon the track of the applicant. The commission allowed the Benjamin F. Bailey Sanatorium Company to be eliminated, but denied the request as to the others named in the application. The evidence indicates that all of the occupations affected are carried on at some distance from the tracks of appellant; that by an error of a former agent the names were listed and placed upon the tariff sheet without regard to the fact that the industries were not situated upon a track; that they have been allowed for years to use tracks other than the regular team track; and that no separate tariff charge has been made for this service. It is conceded by the attorney general that the railway company is not bound by this refusal so far as concerns interstate shipments. It is also conceded that it may require reasonable compensation for delivering shipments upon these tracks which have been received from other railroads. With these concessions, and with the provision contained in the order that the service shall only be continued until a showing is made to the railway commission that the industries on and adjacent to the right of way on these industrial tracks are inconvenienced by this service, it appears that no property right is affected, and it does not appear that by the order the property of the railway company is taken without due process of law. Under these circumstances, the order of the railway commission is not so "unjust and unreasonable" (Rev. St. 1913, secs. 6128, 6129) as to warrant a court in interfering with the legislative function exercised in the regulation of the published tariff. *Hooper Telephone Co. v. Nebraska Telephone Co.,* p. 245, *post.*

The appeal is therefore

DISMISSED.